GEORGE W. STROUP, Respondent, v. JOSEPH THOMAS, Appellant.

Springfield Court of Appeals, January 3, 1910.

1. **APPELLATE PRACTICE: Defective Abstract.** In an appeal on the short form appellant assigns as errors that the finding of the court was against the evidence and that the court refused instructions asked by the defendant, but no refused instructions are printed in the abstract, nor does it contain the bill of exceptions. *Held*, that as there is nothing before the appellate court except the judgment, which is valid on its face, it will be affirmed.

2. ————: **JUDGMENT: Presumptions as to Correctness.** In the absence of testimony showing that the court's finding was against the evidence, all presumptions in its favor are to be indulged.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Ed J. Shuck* for appellant.

COX, J.—Replevin for possession of one-third of crop of hay grown on section 12, township 29, range 4, Shannon county. Action before justice of peace, trial had, and verdict for plaintiff. Defendant appealed to circuit court where trial was had by the court, and plaintiff again prevailed and defendant has appealed to this court.

This appeal is taken by the short form and error is assigned as follows:

That the finding of the court was against the evidence and the law, and that the court erred in refusing instructions asked by defendant.

Appellant's abstract fails to comply with rule 15 of this court in that it does not "Set forth so much of the record as is necessary to a full and complete understanding of all questions presented to this court for decision."

The matters set forth in this abstract are wholly insufficient to enable us to intelligently pass upon the questions raised by the assignment of errors. The errors assigned are that the finding of the court was against the evidence, and that the court refused instructions asked by defendant. No refused instructions are printed in the abstract, nor is the bill of exceptions printed therein; hence, there is nothing properly before us except the judgment of the court below, which is valid on its face, and it will, therefore, be affirmed. All concur.

ON MOTION FOR REHEARING.

COX, J.—Appellant contends, as an excuse for the condition of his abstract and brief in this case, that he did not know the rules of this court, and, like the fiddler at the dance who did not want to be shot, has done the best he could. In view of this situation, we have again gone through what record he has presented to us to see if we could ascertain what the merits of this appeal are.

By a recurrence to the transcript of the judgment filed with the clerk of this court, we find that the court rendered the following judgment:

"REPLEVIN.

"George W. Stroup, Plaintiff, vs. Joseph Thomas, Defendant.

"Now, on this day, this cause coming up for trial, comes the parties, plaintiff and defendant, and announce ready for trial, and the court sitting as a jury, the matters and things in issue are submitted to the court for trial and determination, and after hearing the facts and circumstances as adduced in evidence, the court doth find the issue for the plaintiff, that at the time of the institution of this suit the plaintiff was owner and entitled to the possession of one-third the hay crop in question, of the value of thirty-five dollars, that defendant unlawfully retained such hay, and the court assesses plaintiff's damages at ten dollars. The court further finds that the hay in question was a part of the consideration for the retransfer of land in question, and was not claimed as rent by plaintiff.

"It is therefore ordered and adjudged by the court that plaintiff have and recover said hay to the value of thirty-five dollars together with ten dollars damages in the premises."

The only testimony adduced at the trial which is presented here by appellant's abstract is as follows:

Plaintiff testified, "I told him that I would give up all the papers he had given for that eighty, and I

would claim part of the crop that year." Plaintiff's testimony, again on cross-examination. "Q. You were to get the land back? A. Yes, sir." "Q. He was to get whatever papers you held against him at that time, and you were to assume the seventy-five dollars school fund mortgage? A. Yes, sir." Defendant's testimony: "Q. What did you receive for that land? A. All the papers I had made him for this land back and I was to give him a third of the hay crop and third of the corn."

From the statement of appellant's counsel, we learn that plaintiff had sold some land to defendant. Defendant was unable to pay for it and he and plaintiff made an agreement by which the land was to be deeded back to plaintiff. Plaintiff was to surrender the notes of defendant, and defendant was to pay plaintiff one-third of the hay and corn crop raised that year. Appellant now contends that the relation of landlord and tenant existed between plaintiff and defendant, and that as the hay in question had not been divided, and the plaintiff's part thereof set apart to him, that he could not maintain replevin for it.

The court who tried this case and who heard the testimony found the fact to be, and so recites in his judgment, that plaintiff's title to the property in controversy came to him as a result of the contract in relation to the transfer of the land, and that he did not claim it as landlord. In the absence of testimony which shows that the court's finding was against the testimony, all presumptions in its favor are to be indulged, and construing the testimony which we have above quoted, and which is all there is before us, in the light of the presumption which obtains in favor of the correctness of the judgment of the court below, even that testimony tends to support the finding of the court rather than to contradict it. This being true, there is but one thing to do, and that is to affirm the judgment, and it is so ordered, and the motion for rehearing overruled. All concur.